UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X
JOSANNE LABBAN,

                                 Plaintiff,

                        -against-

DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK, AND BOARD OF EDUCATION OF THE
CITY SCHOOL DISTRICT OF CITY OF NEW YORK,

                               Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**NOTICE OF REMOVAL**

Case No. 18-cv-3861

**TO:   THE UNITED STATES DISTRICT COURT,
       EASTERN DISTRICT OF NEW YORK**

        The Defendant, New York City Department of Education ("DOE") (sued herein as "Department of Education of the City of New York and Board of City School District of the City of New York") by and through its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully moves this Court as follows:

        1.    On or about June 15, 2018, Defendant received by personal service on the Office of the Corporation Counsel the Summons and Complaint which had been filed in the Supreme Court of the State of New York, County of Kings, under Index No. 510163/2018, naming the DOE as the Defendant therein, and setting forth the claims for relief upon which the action is based.

        2.    A copy of Plaintiff's Summons and Complaint is annexed hereto as Exhibit "A."

        3.    Plaintiff brings this action alleging, inter alia, that she was discriminated against, retaliated against, and subject to a hostile work environment by defendants in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et. seq.  See Exhibit "A."

4.      The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims which arise under the laws of the United States.  This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441 and 1443.

5.      This Notice of Removal is timely because it is being filed within thirty (30) days of Defendant's receipt of the Summons and Complaint.  See 28 U.S.C. § 1446 (b).

6.      Defendant will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which the action is pending.

**WHEREFORE**, Defendant respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated:        New York, New York
              July 3, 2018

ZACHARY W. CARTER
Corporation Counsel
  of the City of New York
Attorney for Defendant
100 Church Street, Room 2-109g
New York, New York 10007
(212) 356-3580
erobins@law.nyc.gov

By:     */s/ Elizabeth H. Robins*
        Elizabeth H. Robins
        Assistant Corporation Counsel

TO:     Stewart Lee Karlin, Esq. (via ECF and first class mail)
        Attorney for Plaintiff
        111 John Street, 22nd Floor
        New York, New York 10038
        (212) 792-9670

**EXHIBIT A**

Case 1:18-cv-03861-NGG-ST  Document 1  Filed 07/03/18  Page 4 of 13 PageID #: 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------X

JOSANNE LABBAN,

               Plaintiff,

     -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, AND
THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF CITY OF NEW YORK,

               Defendants.

------------------------------------------------------------X

Index No.

Date Purchased:

Plaintiff designates Kings
County as the place of trial

**SUMMONS**

The basis of the venue is:
Defendant's Principal Place of
business.

Plaintiff resides:9009 78th St., 2nd
Floor, Woodhaven, NY 11421

To the above named Defendant:

     You are hereby summoned to answer the complaint in this action, and to serve a copy of
your answer, or, if the complaint is not served with this summons to serve a notice of appearance
on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of
the service, where service is made by delivery upon you personally within the state, or within 30
days after completion of service where service is made in any other manner.  In case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated: New York, New York
      May 9, 2018

                             Yours, etc.,

                             STEWART LEE KARLIN
                             LAW GROUP, PC

DEFENDANT'S ADDRESS                  /Stewart Lee Kalrin
Corporate Counsel                     STEWART LEE KARLIN, ESQ.
100 Church Street                     Attorney for Plaintiff
New York, New York                  111 John Street, 22nd Floor
                             New York, New York, 10038
                             (212) 792-9670

Page 1 of 9

FILED: KINGS COUNTY CLERK 05/16/2018 04:09 PM INDEX NO. 510163/2018

NYSCEF DOC. NO. 1    Case 1:18-cv-03861-NGG-ST   Document 1   Filed 07/03/18   Page 5 of 13 PageID #: 5   RECEIVED NYSCEF: 05/16/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X

JOSANNE LABBAN,

                Plaintiff,

-against-                                        **VERIFIED**
                                                **COMPLAINT**

THE DEPARTMENT OF EDUCATION                      **Index No.:**
OF THE CITY OF NEW YORK, AND
THE BOARD OF EDUCTION OF THE
CITY SCHOOL DISTRICT OF THE
CITY OF NEW YORK,

                Defendant,
-------------------------------------------------------------X

       The Plaintiff, JOSANNE LABBAN by his attorney, STEWART LEE KARLIN,

respectfully shows to this Court and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

       1.      This is an action for employment discrimination based on race pursuant to the Title

VII, 42 U.S.C. 2000e et. seq.

       1.      Plaintiff JOSANNE LABBAN  (hereinafter at all times mentioned "Plaintiff") was

an employee of the Defendant the Department of Education of the City of New York (hereinafter

"DOE").  At all relevant times, Plaintiff ( Indian/ Asian (brown skin) but her last name is Arabic

as her father is of Lebanese Decent and was perceived as a Muslim  was an "employee" as defined

in Section  701(b) of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e.

Page 2 of 9

Case 1:18-cv-03861-NGG-ST   Document 1   Filed 07/03/18   Page 6 of 13 PageID #: 6

2.      Defendant Department of Education of the City of New York and the City School

District of the City of New York (hereinafter Defendant) is charged by law with responsibility for

the operation, management and control of the New York City public education and is within the

jurisdiction of this Court.

3.      At all relevant times, Defendant was an "employer" as defined in Section

701(b) of Title VII of the Civil Rights Act of 1964  42 U.S.C. § 2000e. As such, Defendant is

subject to the requirements of Title VII (42 U.S.C. § 2000e et seq.)

4.      Concurrent jurisdiction of this court is invoked pursuant to 29 U.S.C. 28 U.S.C.

§§ 1331 and 1343(a)(4).  Plaintiff duly filed EEOC charges and a notice of right to sue letter was

received within ninety days of the filing of this lawsuit conferring jurisdiction upon this Court.

(See Exhibit "A")  Venue is proper in that defendant principal place of business is within this

District.

5.      Plaintiff began her employment as a teacher in September 2015 at PS 52

(Sheepshead Bay).  Her license is from Birth to second grade.  At all times relevant, she

performed her position in an exemplary manner.

6.      At the school, there are approximately sixty teachers of which about fifty-five are

Caucasian and about four are African-American and herself.

7.      Direct comments were made by the Principal to Plaintiff such as "You seem very

religious (implying she is a Muslim).  You should work at a school of your culture.

8.      When Plaintiff attended meetings, the Principal and Assistant Principal would

move far away- a stereotype that Indians smell.  In fact, the administrators would sit in a different

spot in the meetings with other teachers and Plaintiff would be very isolated.  It was a humiliating

Page 3 of 9

experience.

9.      Plaintiff was also falsely accused on triggering the exit alarms when the two ICT teachers triggered the alarm.  When it was discovered that it was in fact the ICT teachers that triggered the alarm, no discipline at all was given to the two ICT teachers.

10.     Plaintiff has been pulled out from teaching repeatedly (weekly) to have meetings in the principal's office while the other probationary Caucasian teacher (Amanda Beach) was not subjected to the weekly meetings. During the meeting, the Principal threatened Plaintiff that if she did not resign, he would  put letters to the file in her personnel file and that he will go after Plaintiff's license.  These threats were continuous and began in September 2015 and did not end until June 2016.

11.     After being harassed, threatened, and bullied after just two months of being a new teacher at PS 52, (Plaintiff began losing her hair, suffered from heart palpations, anxiety from working in such a hostile environment), plaintiff submitted a letter of resignation on November 9, 2015 but rescinded the letter (prior to the one month notice- December 9, 2015) as the union advised her not to resign regardless of any threats or abuse.

12.     Plaintiff  was also subjected to an unusual amount of visits  to the classroom compared to Ms. Beach, the other Caucasian probationary teacher.  In fact, Ms. Beach told Plaintiff that the Principal stated that she could not speak to her, and not even say good morning to Plaintiff.

13.     Plaintiff was also subjected too disparately by being written up for calling out sick for three consecutive days even though she had a doctor's note that covered one day and then took two more to self-treat the stomach virus. Ms. Beach took twenty days off, in part due to her

Page 4 of 9

honeymoon without consequence.

14.    Plaintiff was compelled to stay late to help others complete their tasks. Plaintiff was told no parental volunteers without the Principal's permission while others did not need the Principal's permission.

15.    Plaintiff was repeatedly asked to see her lesson plans. She was ordered to go to an ICT and first grade classrooms to observe teaching but Ms. Beach was not required to do so.

16.    Because of the discriminatory treatment, in April 2016, Plaintiff filed an internal complaint of discrimination with DOE's EEO office Complaint of discrimination claiming discrimination due to being Asian Indian, color, religion (perceived Muslim).

17.    After complaining about discrimination in April 2016, Plaintiff was discriminated and retaliated against by being falsely accused of corporal punishment and submitting a false medical note over an illness that occurred in January 2016. Thereafter, in June 2016, Plaintiff received an unsatisfactory annual review and was terminated on August 19, 2016.

18.    Plaintiff met all the qualifications for said position and her performance was satisfactory at all times relevant in the complaint.

19.    Based upon the foregoing, Plaintiff was terminated and otherwise subjected to a hostile work environment based on her national origin, race, color, perceived religion, and retaliation in violation of Title VII of the Civil Rights Act of 1964.

21.    As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities based upon her national origin, race, color, perceived religion, and retaliation in retaliation in violationof Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e et. seq.

Page 5 of 9

22.    Defendant acted maliciously, wantonly, and in conscious disregard of Plaintiff's rights and Defendant's statutory obligations.

WHEREFORE, Plaintiff prays for the following:

a.    Defendant be permanently enjoined along with its officers, agents, successors, employees, attorneys and any other person acting on behalf of or in concert with Defendant from discriminating against Plaintiff ;

b.    that the Court find and declare that she has suffered for acts of discrimination at the hands of the defendant, its agents, servants and employees;

c.    that plaintiff be awarded back wages, together with related monetary benefits had she not otherwise been discriminated against;

d.    that the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination including retroactive reinstatement;

e.    that defendant pay plaintiff's costs of this suit, together with a reasonable attorney's fee;

f.    that defendant pay plaintiff for compensatory damages for pain and suffering and humiliation incurred as a result of defendant's conduct;

g.    any other relief that is just and equitable;

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

Dated: New York, New York
      May 9, 2018                              Respectfully submitted

Page 6 of 9

Case 1:18-cv-03861-NGG-ST   Document 1   Filed 07/03/18   Page 10 of 13 PageID #: 10

STEWART LEE KARLIN
LAW GROUP, PC


s/Stewart Lee Karlin
STEWART LEE KARLIN
Attorney for Plaintiff
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670

Page 7 of 9

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF NEW YORK)    ss.:

     I, the undersigned, am the Plaintiff in the within action;  I have read the foregoing,

Complaint, and know the contents thereof; the same is true to my own knowledge except as to

those matters therein alleged to be on information and belief, as to those matters I believe to be

true.

                               JOSANNE LABBAN

Sworn to this 9th day of May
2018

_____
NOTARY PUBLIC

STEWART LEE KARLIN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02KA6233825
COMM. EXP. 03/13/22

Case 1:18-cv-03861-NGG-ST   Document 1   Filed 07/03/18   Page 12 of 13 PageID #: 12

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice

law in the Courts of the State of New York, respectfully affirms the truth of the following

statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and

belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers

(s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
       May 9, 2018

                                    s/Stewart Lee Karlin
                                   STEWART LEE KARLIN, ESQ.

Page 9 of 9

Docket No. 18-cv-3861

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSANNE LABBAN,

                                            Plaintiff,

-against-

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, AND BOARD OF
EDUCATION OF THE CITY SCHOOL
DISTRICT OF CITY OF NEW YORK,

                                            Defendants.

**NOTICE OF REMOVAL**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Rm. 2-109g*
*New York, N.Y.  10007*

*Of Counsel:  Elizabeth H. Robins*
*Tel:  (212) 356-4389*
*Matter No.:  2018-047697*

*Due and timely service is hereby admitted.*

*New York, N.Y.................................................., 2018*

*......................................................................... Esq.*

*Attorney for..............................................................*